UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

NIKOLAI SHIRO,

                Plaintiff,

vs.

EQUIFAX INFORMATION SERVICES, LLC, CAPITAL ONE BANK (USA), N.A., and WELLS FARGO BANK, N.A.,

                Defendants.

Civil Action No.:

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

DEMAND FOR JURY TRIAL

Plaintiff Nikolai Shiro ("Plaintiff") brings this action on an individual basis for damages under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), seeking statutory and other damages against defendants named herein, and alleges based upon the personal knowledge of Plaintiff, the investigation of counsel, and upon information and belief, as follows:

## NATURE OF THE ACTION

1. Plaintiff suffered harm as a result of false and inaccurate information published by defendant Equifax Information Services, LLC, a consumer reporting agency ("CRA") as defined under 15 U.S.C. § 1681a(f) ("CRA Defendant").

2. Through the publication of consumer background reports, as that term is defined by 15 U.S.C. § 1681a(d), CRA Defendant has been reporting inaccurate information about Plaintiff's consumer background to numerous credit companies and persons, both known and unknown – including an inaccuracy with respect to inaccurate "Scheduled Payment Amounts" on credit card accounts issued by defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Capital One Bank (USA), N.A. ("Capital One") (collectively, "Furnisher Defendants").

3. Specifically, accounts on Plaintiff's consumer background reports issued by CRA Defendant contained a "Scheduled Payment Amount" field, which normally describes the payment amount a consumer owes to a furnisher on a monthly basis. This field on the consumer background report should, however, not contain any information once the account is charged off or closed with a zero balance by either the furnisher or the consumer.

4. Despite receiving a letter from Plaintiff disputing the reporting of the improper scheduled monthly payments as inaccurate, both CRA Defendant and Furnisher Defendants (collectively, "Defendants") willfully, intentionally, recklessly, and/or negligently continued to report such inaccurate information.

5. Egregiously, CRA Defendant failed to delete the inaccurate information notwithstanding the fact that Plaintiff *disputed the materially misleading inaccuracies in writing* via CRA Defendant's mechanisms and procedures established to dispute consumer credit information.

6. Upon receipt of Plaintiff's dispute, CRA Defendant was legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, following the performance of the reasonable investigation, remove any inaccurate information.

7. Furnisher Defendants received notice from CRA Defendant that Plaintiff disputed the inaccuracy alleged herein on Plaintiff's consumer background reports. Furnisher Defendants failed to conduct a reasonable investigation with respect to the disputed information within 30 to 45 days.

8. Defendants willfully, intentionally, recklessly, and negligently failed to do any of the above actions in violation of the FCRA, § 1681 *et seq*. of Title 15 of the United States Code, including § 1681e(b), which obligates CRA Defendant to create and follow reasonable procedures and policies to ensure maximum possible accuracy in consumer background reports. CRA Defendant willfully, intentionally, recklessly and negligently violated § 1681i, which required it to perform a reasonable investigation to remove the inaccurate information after receiving Plaintiff's dispute letter. After receiving notice of Plaintiff's dispute from CRA Defendant, Furnisher Defendants failed to conduct a reasonable investigation with respect to the disputed information in violation of § 1681s-2(b).

9. Plaintiff brings this action in order to recover, *inter alia*, statutory damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries

suffered as a result of Defendants' misconduct. Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background reports continues to affect Plaintiff's creditworthiness and credit score. As a result of Defendants' misconduct, Plaintiff has suffered a decreased credit score, the loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1681p, which states that "[a]n action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy…"

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

**Plaintiff**

12. Plaintiff Nikolai Shiro is a resident of Brooklyn, NY and qualifies as a "consumer" as that term is defined under 15 U.S.C. § 1681a(c). Plaintiff is an individual (and not an entity).

**Defendants**

13. Defendant Equifax Information Services, LLC is a consumer reporting agency that regularly conducts business in this judicial district. Defendant Equifax has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309, is registered to do business in the State of New York, and may be served with process upon The Corporation Service Company, its registered agent for service of process at 80 State Street, Albany, NY, 12207. Defendant Equifax Information Services, LLC, is a subsidiary of Equifax, Inc. Defendant qualifies as a "consumer reporting agency" under 15 U.S.C. § 1681a(f) and by contractual agreement disbursed consumer background reports for remuneration to third parties.

14. Defendant Capital One Bank (USA), N.A. is a subsidiary of Capital One Financial Corporation, a Delaware Corporation. Capital One is one of the nation's ten largest banks based on deposits as of December 31, 2018, providing service for banking customers through internet and mobile banking, as well as through branch locations and ATMs throughout New York. In addition to offering credit and debit card products, auto loans and other consumer lending products in markets across the United States, Defendant Capital One was one of the largest issuers of credit cards nationwide during fiscal year 2018 based on the outstanding balance of credit card loans. Defendant Capital One qualifies as a "furnisher" of credit information as that term is used in 15 U.S.C. § 1681s-2(b) and has a principal place of business located at 1680 Capital One Drive, McLean, Virginia, 22102.

15. Defendant Wells Fargo Bank is a is a national banking association with its principal place of business in Sioux Falls, South Dakota. It is Wells Fargo & Company's principal subsidiary, a corporation organized under the laws of Delaware, with its principal executive office located in 420 Montgomery Street, San Francisco, California 94163. As a financial services company, it provides retail, commercial, and corporate banking services through banking locations and offices, the internet, and other distribution channels to individuals, businesses and institutions in all 50 states, the District of Columbia and in other countries. In 2018, Wells Fargo's net income was upward of $22 billion.

## SUBSTANTIVE ALLEGATIONS

**The FCRA**

16. As described below, Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, which § 1681(a) states as follows:

> "The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and

unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

(2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

(3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4) There is a ***need to insure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

(Emphasis added).

17. The FCRA mandates CRAs to adhere to the following twin duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies and procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers, and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

18. CRA Defendant compiles, maintains, and reports information concerning a consumer's creditworthiness, credit-standing, credit capacity, character, and general reputation. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, the underwriting of insurance for consumers, and even housing. Plaintiff and consumers have a legally protected interest in CRA Defendant fulfilling its respective duties under the FCRA, so that the information reported and maintained is done fairly, to support maximum levels of confidentiality, accuracy, and relevancy.

19. Furnishers, after receiving notice of a consumer's dispute from a CRA that information is inaccurate, are required to conduct a reasonable investigation with respect to the

disputed information. When and if appropriate, the furnisher is obligated to remove any inaccurate information following the performance of the reasonable investigation.

**Capital One**

20. Upon information and belief, on a date better known to CRA Defendant, consumer background reports concerning Plaintiff were issued by CRA Defendant that included inaccurate information in connection with a Kohl's/Capital One credit card account.

21. CRA Defendant inaccurately reported a scheduled monthly payment on Plaintiff's Kohl's/Capital One account. On July 17, 2019, Plaintiff sent a letter disputing the accuracy of the reporting of an improper "Scheduled Payment Amount." The Scheduled Payment Amount field on Plaintiff's consumer background reports should not contain any information once the account was charged off. Plaintiff no longer had an obligation to make monthly payments to Defendant, as the account was closed. This inaccuracy misleadingly provides the appearance that the account is open, when in fact it was not. This inaccuracy also misleads prospective lenders into believing that the consumer has an obligation to pay a monthly amount to Defendant, when that is not so, ultimately giving the perception that Plaintiff's overall disposable monthly income is less than it really is.

22. Upon information and belief, CRA Defendant notified Defendant Capital One about Plaintiff's dispute. Upon receipt of the dispute by CRA Defendant, Defendant Capital One failed to conduct a reasonable investigation and correct the inaccurate information on Plaintiff's consumer background reports.

**Wells Fargo**

23. Upon information and belief, on a date better known to CRA Defendant, consumer background reports were issued by CRA Defendant concerning Plaintiff that included inaccurate information in connection with a Wells Fargo credit card account.

24. CRA Defendant inaccurately reported a scheduled monthly payment on Plaintiff's Wells Fargo account. On July 17, 2019, Plaintiff sent a letter disputing the accuracy of the reporting of an improper "Scheduled Payment Amount." The Scheduled Payment Amount field on Plaintiff's consumer background reports should not contain any information once the account is charged off. Plaintiff no longer had an obligation to make monthly payments to Defendant, as the account was closed. This inaccuracy misleadingly provides the appearance that the account is open, when in fact it was not. This inaccuracy also misleads prospective lenders into believing that the consumer has an obligation to pay a monthly amount to Defendant, when that is not so, ultimately giving the perception that Plaintiff's overall disposable monthly income is less than it really is.

25. Upon information and belief, CRA Defendant notified Defendant Wells Fargo about Plaintiff's dispute. Upon receipt of the dispute by CRA Defendant, Defendant Wells Fargo failed to conduct a reasonable investigation and correct the inaccurate information on Plaintiff's consumer background reports.

**Plaintiff suffered harm from CRA Defendant's willful, intentional, reckless and/or negligent misconduct**

26. CRA Defendant has been reporting inaccurate information about Plaintiff's consumer background to numerous credit companies and persons, both known and unknown, through the publication of consumer background reports.

27. The inaccurate information includes the nature of at least two of Plaintiff's tradelines/accounts as well as personal identifying information, including, but not limited to, Plaintiff's Kohl's/Capital One and Wells Fargo accounts.

28. This inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a consumer, and Plaintiff's overall credit worthiness.

29. After noticing the inaccuracy reported by CRA Defendant, Plaintiff disputed it in writing via CRA Defendant's established mechanisms and procedures created to dispute consumer credit information. Despite being placed on notice of the inaccuracy, CRA Defendant sent Plaintiff correspondence indicating its intent to continue reporting the inaccurate information. The inaccurate information continues to be published in Plaintiff's consumer background reports.

30. Upon information and belief, CRA Defendant contacted Furnisher Defendants and notified them of the dispute. As part of any reasonable or even rudimentary investigation or re-investigation, CRA Defendant should have then sent all the relevant evidence/facts to Furnisher Defendants and requested an explanation as to the reason the Scheduled Payment Amount field was not left blank and was reported on the closed accounts with a zero balance. CRA Defendant never: (i) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute; (ii) contacted any third parties that would have relevant information concerning Plaintiff's dispute; (iii) forwarded any relevant information concerning Plaintiff's dispute to Furnisher Defendants; or (iv) requested or obtained any credit applications, or other relevant documents from Furnisher Defendants. CRA Defendant willfully, intentionally, recklessly and negligently failed to perform any reasonable investigation, and ultimately failed to remove the inaccurate information.

**CRA Defendant failed to maintain adequate policies and procedures**

31. CRA Defendant systematically violated the FCRA by failing to adhere to and maintain reasonable procedures to assure the maximum possible accuracy of information in the consumer background reports it publishes.

32. Upon receipt of Plaintiff's dispute, CRA Defendant was legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

33. CRA Defendant failed to take any of these steps in violation of the FCRA and Plaintiff is entitled to damages. Plaintiff has suffered actual damages, through harm to his consumer background reputation and overall credit score, by missing opportunities, and by being denied the ability to procure additional credit.

## CAUSES OF ACTION

## COUNT I

**Against CRA Defendant for Violations of the FCRA, 15 U.S.C. §§ 1681e and 1681i**

34. Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

35. The relevant subparts for FCRA claims under 15 U.S.C. § 1681e is 15 U.S.C. § 1681e(b). More specifically, 15 U.S.C. § 1681e(b) requires that:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates.

36. Under 15 U.S.C. § 1681i, *inter alia*:

(a) Reinvestigations of Disputed Information

(1) Reinvestigation Required

> *In general*. …if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency *is disputed by the consumer* and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information*, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning

on the date on which the agency receives the notice of the dispute from the consumer or reseller.

(2) Prompt Notice of Dispute to Furnisher of Information

(A) *In general.* **Before the expiration of the 5-business-day period** beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), ***the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person***. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

(Emphasis added).

37. In violation of §§ 1681e(b) and 1681i(i), CRA Defendant failed to follow reasonable procedures to ensure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background reports. Plaintiff disputed the inaccurate information, and still, CRA Defendant willfully, intentionally, recklessly and negligently failed to perform a reasonable investigation to remove the inaccurate information.

38. In violation of §§ 1681n and 1681o, CRA Defendant's conduct was a direct and proximate cause of Plaintiff's injury and it is, therefore, liable to Plaintiff for its negligent and willful failures to follow reasonable policies and procedures. As a result of CRA Defendant's violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

**Against Furnisher Defendants for Violations of the FCRA, 15 U.S.C. §§ 1681s-2(b)**

39. Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

40. Under 15 U.S.C. § 1681s-2(b), *inter alia*:

> After receiving notice pursuant to 15 U.S.C. § 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –
>
> (A) *conduct an investigation with respect to disputed information*;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency; [and]
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information…

(Emphasis added).

41. Furnisher Defendants failed to conduct a timely and reasonable investigation of Plaintiff's dispute after receiving notice from CRA Defendant concerning Plaintiff's disputes. Furnisher Defendants have further willfully, intentionally, recklessly, and/or negligently continued to report such inaccurate information to CRA Defendant.

42. Instead of removing the inaccurate information, Furnisher Defendants improperly claimed that the inaccurate information is verified and verified the inaccurate information to CRA Defendant in response to Plaintiff's disputes.

43. Furnisher Defendants' conduct was a direct and proximate cause resulting in the damages suffered by Plaintiff. Due to Furnisher Defendants' misconduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to his consumer background reputation and overall credit score, by missing opportunities, and emotional distress.

44. As a result of Furnisher Defendants' misconduct, Plaintiff is entitled to statutory, actual and punitive damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

A. awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

B. awarding attorneys' fees and costs, and other relief; and

C. awarding such other relief as to this Court may seem just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

DATED: October 28, 2019 **COHEN & MIZRAHI LLP**
EDWARD Y. KROUB


/s/ Edward Y. Kroub
EDWARD Y. KROUB

DANIEL C. COHEN
EDWARD Y. KROUB
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Telephone: 929/575-4175
929/575-4195 (fax)
dan@cml.legal
edward@cml.legal

*Attorneys for Plaintiff*